IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Melanie McDermott, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. 1:22-cv-01555 |
| v. | Honorable John F. Kness |
| General Mills Sales, Inc., | |
| Defendant. | |

## JOINT MOTION TO STAY

Defendant General Mills Sales, Inc. ("General Mills") and Plaintiff Melanie McDermott (collectively, the "Parties") jointly move to stay this matter pending a potential class settlement in *Hilsley v. General Mills, Inc.*, No. 3:18-cv-395 (S.D. Cal.) ("*Hilsley* Action"), an earlier filed case that raises the same claims and allegations in this action. A resolution of the *Hilsley* Action would moot or significantly narrow the claims in this case, such that it would preserve the Court and party resources to allow the class settlement proceedings in the *Hilsley* Action to conclude so that Plaintiff may determine whether she can or should proceed with the instant action.

### I.      Background

The *Hilsley* Action, initially filed in February 2018, is a putative nationwide class action that challenges the "No Artificial Flavors" claim on certain General Mills' Fruit Flavored Snacks due to the use of the ingredient malic acid. *See Hilsley* Action Dkt. No. 41 ¶¶ 6, 19-21. The products at issue in the *Hilsley* Action include General Mills' "Gushers" Fruit Flavored Snacks. *Id.* at ¶¶ 6, 19. The same products are at issue in this case. Compl. ¶ 1. As in the *Hilsley* Action*, Plaintiff here challenges the "No Artificial Flavors" claim due to the presence of malic acid. *See* Compl. ¶ 31-35. As such the claims and issues in the instant action substantially overlap with the claims and issues in the *Hilsley* Action.

Since September 2020, the parties in the *Hilsley* Action have been engaged in efforts to settle that matter on a class-wide basis. *See*, *e.g.*, *Hilsley* Action Dkt. No. 45. To date, the court in the *Hilsley* Action has not preliminarily approved the parties' proposed settlements but has permitted the parties to continue to attempt to enter into a classwide settlement and seek re-approval of that settlement. *See Hilsley* Action Dkt. Nos. 61, 79. With the permission of the court in the *Hilsley* Action, pursuant to court order the parties are scheduled to mediate the case in late August to once again attempt to reach agreement on a classwide settlement. *See Hilsley* Action Dkt. Nos. 82, 83. The parties in the *Hilsley* Action must file a renewed motion for preliminary approval no later than September 1, 2022. *Hilsley* Action Dkt. No. 83. As such, a class settlement in the *Hilsley* Action, if agreed upon and finally approved, might bear on the rights, claims and interests of Plaintiff McDermott.

## II.     Argument

The Court here is empowered to stay proceedings given its inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants[.]" *Landis v. N. Am. Co*., 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). In the Seventh Circuit, courts deciding whether to grant a stay must "balance the competing interests of the parties and the interest of the judicial system." *Markel Am. Ins. Co. v. Dolan*, 787 F.Supp.2d 776, 779 (N.D. Ill. 2011). Courts have broad discretion when exercising its authority to grant a stay, and courts generally consider three factors when determining whether to grant a stay: "(1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the non-moving party." *In re Groupon Derivative Litig*., 882 F. Supp. 2d 1043, 1045 (N.D. Ill. 2012) (collecting cases). Courts have previously stayed putative class action matters pending the outcome of another class action when there existed "significant overlap between the two cases." *Id.* at 1052.

In this case, a stay would forward each of the three factors militating for the grant of a stay. Specifically, a stay may simplify the issues in question given that a class settlement in the *Hilsley*

Action could moot or otherwise substantially resolve the claims of Plaintiff McDermott. A stay will also reduce the burden of litigation on the Parties and on the court as it would allow the parties to determine whether the instant action can or should proceed if the *Hilsley* Action is settled on a classwide basis and would otherwise reduce the burden on this Court to preside over a matter that might be resolved or otherwise mooted. The grant of a stay would also not prejudice or tactically disadvantage the non-moving party. Here, there is no non-moving party as this stay is brought as a joint Motion.

### III.    Conclusion

For the reasons stated above, the parties jointly ask the Court to stay proceedings in this matter in deference to the class settlement proceedings in the *Hilsley* Action. The Parties request a stay of 120 days, with the Parties to jointly report in the interim within ten (10) days of September 1, 2022, as to the filing of any proposed class settlement agreement in the *Hilsley* Action if such agreement has been filed by that date. Thereafter, the Parties shall submit a joint status report every 120 days with an update as to the pendency or status of approval proceedings in the *Hilsley* Action. The Parties shall likewise jointly report to this Court within ten (10) days of any order by the court in the *Hilsley* Action as to either preliminary or final approval of any classwide settlement of that matter.

Dated:  August 2, 2022                               Respectfully submitted,


**PERKINS COIE LLP**                          **SHEEHAN & ASSOCIATES, P.C.**


By:  *Emily R. Craven*                          By:   *Spencer Sheehan*
        Emily R. Craven                                   Spencer Sheehan

*One of the Attorneys for General Mills Sales,*     *Attorney for Melanie McDermott, individually*
*Inc.*                                                          *and on behalf of all others similarly situated*

Emily R. Craven (Bar No. 6332587)
PERKINS COIE LLP
110 North Wacker, Suite 3400
Chicago, IL 60606-1511
Tel:  (312) 324-8674
ecraven@perkinscoie.com

Spencer Sheehan
SHEEHAN & ASSOCIATES, P.C.
60 Cuttermill Rd, Suite 412
Great Neck NY 11021
Tel: (516) 268-7080
spencer@spencersheehan.com

## <u>CERTIFICATE OF SERVICE</u>

I, Emily Craven, certify that on August 2, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

*/s/ Emily R. Craven*